6. It is insisted by the plaintiffs in error, that the original petition in this cause, having been filed under the insolvent trader's act (Code, §3149(a) *et seq.*), was not a cause of original equity cognizance, and that the court erred in not submitting the questions of fact raised, in the report of the auditor upon exceptions thereto, to the finding of a jury. Where a statute, such as section 3149(a) *et seq.* of the code, extends the equitable jurisdiction of the superior court to new cases, the mode of trial in such cases is governed by ordinary equity practice, and the right of trial of facts by master or auditor instead of by jury is subject to the will of the legislature. Acts 1884–5, p. 98; 77 *Ga.* 118; 80 *Ga.* 27; 90 *Ga.* 590. It follows that the court did not err in refusing to submit the questions of fact to the finding of a jury after overruling the exceptions to the finding of the auditor on the facts.

*Judgment reversed in part, and in part affirmed.*

---

SPARKS, receiver, *v.* ATLANTA & FLORIDA RAILROAD CO.

These cases are controlled by the decision in *Central Trust Co. of New York et al.* v. *Thurman et al.*, this day announced.

*Judgment affirmed.*

October 4, 1894. Argued at the last term. JENKINS, Judge, presiding in lieu of LUMPKIN, Justice, disqualified.

Interventions. Before JOHN L. HOPKINS, judge *pro hac vice.* Fulton superior court. September term, 1893.

GUSTIN, GUERRY & HALL, for plaintiff in error.
H. B. TOMPKINS, PAYNE & TYE *et al., contra.*

---

BOYKIN, SEDDON & COMPANY *et al. v.* EPSTEIN *et al.*

1. The scheme of the code of 1863 (§§1954, 1955), with reference to transfers and assignments by insolvent debtors, was that in case the debtor parted with title, except as to negotiable papers trans-